**FILED**

DEC 3 0 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

James B. Crawford,                     )
                                       )
              Petitioner,              )
                                       )
       v.                              )        Civil Action No.   **09 2447**
                                       )
D.B. Drew, Warden,                     )
                                       )
              Respondent.              )

MEMORANDUM OPINION

Before the court is the petitioner's pro se petition for a writ of habeas corpus and

application to proceed in forma pauperis. The application will be granted for the purposes of this

decision, and the petition will be dismissed for lack of jurisdiction.

Petitioner is a prisoner under sentence imposed after a jury trial in 1987 by the Superior

Court for the District of Columbia. Now confined at the United States Penitentiary in Coleman,

Florida, he alleges that he was convicted on insufficient evidence, that he had ineffective

assistance of counsel, that judicial bias tainted his trial, and that his conviction was infected with

other procedural irregularities. *See* Pet. ¶¶ 12-13.

Collateral challenges to sentences imposed by the Superior Court must be brought in that

court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998)

(§ 23-110 is exclusive remedy for such challenges). "An application for a writ of habeas corpus

in behalf of a prisoner who is authorized to apply for relief by motion [under § 23-110] shall not

be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied

him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the

2

legality of his detention." D.C. Code § 23-110(g). Unlike other prisoners convicted in state

courts or those convicted in a United States District Court, "District of Columbia prisoner[s]

ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless

[it is shown that] the local remedy is inadequate or ineffective to test the legality of his

detention." *Garris v. Lindsay,* 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and

quotation marks omitted); *see Byrd v. Henderson,* 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order

to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a

hurdle that a federal prisoner does not.")

Generally, "[s]ection 23-110 has been found to be adequate and effective because it is

coextensive with habeas corpus." *Saleh v. Braxton,* 788 F. Supp. 1232 (D.D.C. 1992); *accord*

*Blair-Bey v. Quick,* 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C.

§ 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction

or sentence.").

> In determining whether the local remedy is 'inadequate or ineffective,' we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with habeas corpus. That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

*Garris v. Lindsay,* 794 F.2d at 726 (*quoting Swain v. Pressley,* 430 U.S. 372, 382-83 (1977))

(footnotes omitted). The mere denial of relief by the local courts does not render the local

remedy inadequate or ineffective. *Garris v. Lindsay,* 794 F.2d at 727; *Charles v. Chandler,* 180

F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Wilson v. Office of the Chairperson,* 892 F. Supp.

277, 280 (D.D.C. 1995).

2

The petition does not indicate whether the petitioner has sought relief through a motion under § 23-110.  In any case, the petition does not claim that a motion under § 23-110 is inadequate or ineffective to test the legality of petitioner's detention.  Accordingly, this habeas petition will be dismissed for lack of jurisdiction.

A separate order accompanies this memorandum opinion.

Date: 12/21/09

United States District Judge